UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARA LYNN KAZIMER,

    Plaintiff,                                   Civil Case No. 22-11268

v.

COMMISSIONER OF                         Sean F. Cox
SOCIAL SECURITY,                          United States District Court Judge

    Defendant.
_____/

## ORDER ADOPTING R&R

On October 11, 2019, Plaintiff, Sara Kazimer, applied for Supplemental Security Income ("SSI"), alleging disability as of January 1, 2005.[1] (ECF No. 10-2, PageID 66). Plaintiff's claim was denied, so she requested a hearing before an Administrative Law Judge ("ALJ").

On March 3, 2021, ALJ Earl Ashford determined that Plaintiff was not disabled. (ECF No. 8-2. PageID 66-83).

On April 4, 2022, the Appeals Council declined to review the ALJ's determination. (*Id*. at PageID 47-49).

On June 8, 2022, Plaintiff filed the instant action against Defendant, the Commissioner of Social Security. The Court referred this social security case to Magistrate Judge Patricia Morris. (ECF No. 4).

---

[1] Plaintiff later amended the alleged onset of disability date to October 15, 2018. (ECF No. 10-2, PageID.93).

1

On October 27, 2022, Plaintiff filed a motion for summary judgment. (ECF No. 13). On December 2, 2022, Defendant filed a cross-motion for summary judgment. (ECF No. 16).

Plaintiff argued that the ALJ erred in his analysis of the severity of Plaintiff's migraines when he determined that her impairments were not equivalent to those listed in 20 C.F.R. Pt. 404, Subpt. P., App'x 1, § 11.02(B). (ECF No. 13 at 10). Plaintiff also argued that the ALJ erred when he rejected Dr. Saperstein's (a doctor that examined Plaintiff) opinion that Plaintiff is completely disabled. *See Id*. at 14.

Defendant argues the inverse—that substantial evidence supports the ALJ's finding that Plaintiff's migraines were not equivalent to the requirements of Listing § 11.02(B) (ECF No. 16 at 5), and that substantial evidence supports the ALJ's rejection of Dr. Saperstein's opinion. *Id*. at 12.

On January 18, 2023, Magistrate Judge Morris filed a comprehensive Report and Recommendation ("R&R") (ECF No. 18) wherein she recommends that the Court deny Plaintiff's motion for summary judgment and grant Defendant's motion. *Id*. at 1.

Magistrate Judge Morris's R&R addressed each of Plaintiff's arguments. Magistrate Judge Morris found that even though the ALJ misstated one of the criteria for equivalency, he correctly identified multiple other reasons Plaintiff's migraines did not medically equal the § 11.02(B) Listing. (*See* ECF No. 18 at 28-34).

For example, the ALJ found that Plaintiff's claim of disabling migraines was undermined by the fact that she received a referral to a neurologist in November 2020, but as of February 2021 still had not scheduled an appointment. *Id*. at 33.

The R&R also concluded that the ALJ identified persuasive reasons to find Dr. Saperstein's opinion unreliable—chiefly because Dr. Saperstein's opinion was internally

2

inconsistent, inconsistent with his own treating records, and inconsistent with outside source observations. (*See* ECF No. 18 at 34-38).

Pursuant to Fed. R. Civ. P. 72(b), a party objecting to the recommended disposition of a matter by a magistrate judge must file objections to the R&R within fourteen (14) days after being served with a copy of the R&R. The district judge to whom the case is assigned reviews those objections, and any response to the objections from the opposing party. "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Defendant has not filed an objection to the R&R and the time do so has passed. On February 1, 2023, Plaintiff filed a timely objection to the R&R. (ECF No. 19). Plaintiff's objection is split into two parts.

Plaintiff first argues that this Court "should decline to adopt the Magistrate Judge's conclusion that the ALJ's consideration of a lack of neurology specialty treatment was sufficient to support the ALJ's finding [of] no medical equivalence." (ECF No. 19 at 1). Plaintiff argues that her lack of effort to see a neurologist cannot be sufficient to find medical non-equivalence because it is "hardly sufficient to show nonadherence to treatment." *Id*. at 2. Plaintiff further claims the Court should address this argument because she raised it in her motion for summary judgment, but it was not addressed by the R&R. *Id*.

The Court agrees with Magistrate Judge Morris's analysis in the R&R. Plaintiff appears to misapprehend the significance of her failure to schedule a neurology appointment. The ALJ found, and the R&R correctly identified, that Plaintiff's failure to adhere to a recommended treatment plan is significant evidence of non-equivalence because it created serious doubt about

3

the severity of Plaintiff's migraines—not because it indicated non-adherence to treatment. (ECF No. 18 at 33-34).

Therefore, the Court agrees with the R&R. Plaintiff did not meet at least one of the necessary requirements for medical equivalency under Listing 11.02(B) because of the questionable severity of her migraines—not because of nonadherence to treatment. *Id.*; *See* O'Brien v. Comm'r of Soc. Sec., 819 F. App'x 409, 415–16, 2020 WL 4559505, at *5 (6th Cir. 2020).

Plaintiff further argues that the ALJ did not adequately explain what other medical equivalence requirements Plaintiff failed to meet. (ECF No. 19 at 2-3). The Court agrees with Magistrate Judge Morris's analysis in the R&R. The ALJ's reasoning and discussion of Plaintiff's medical equivalence, or lack thereof, was sufficient.

Second, Plaintiff objects to the R&R because, in her opinion, Magistrate Judge Morris incorrectly concluded the ALJ duly considered the supportability and consistency of Dr. Saperstein's opinion. (ECF No. 19 at 4). The Court agrees with Magistrate Judge Morris's analysis. The ALJ identified serious inconsistencies and weaknesses in Dr. Saperstein's opinion which made it reasonable for the ALJ to reject Dr. Saperstein's finding. (ECF No. 18 at 38).

Accordingly, the Court **OVERRULES** Plaintiff's objections to the R&R and **ADOPTS** the R&R. **IT IS SO ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 16) is **GRANTED**, and Plaintiff's Motion for Summary Judgment is **DENIED**. Plaintiff's Claim is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Dated: March 14, 2023

s/Sean F. Cox
Sean F. Cox
United States District Judge